NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HONE, | |
| Plaintiff, | |
| v. | Civ. No. 21-05 |
| | OPINION |
| LEE BAKER *et al.*, | |
| Defendants. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Richard Hone ("Plaintiff"). (ECF No. 1-1.) For the reasons stated herein, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1-1) is granted, but the Second Amended Complaint (ECF No. 3) is dismissed.

## BACKGROUND

On January 4, 2021, Plaintiff filed the Complaint (ECF No. 1) and an Application to Proceed *In Forma Pauperis* (ECF No. 1-1). On January 19, 2021, Plaintiff filed an Amended Complaint (ECF No. 2), and on February 12, 2021, Plaintiff filed the operative Second Amended Complaint (ECF No. 3). The Second Amended Complaint alleges that Defendants Isabel Dawson and Matt Elkins (collectively, "Defendants") interfered in Plaintiff's custody case. (2d Am. Compl. at 4, ECF No. 3.) The only information Plaintiff provides is that

> Defendants knowingly, maliciously, and purposely interfered with my Custody case by sending a ridiculous and unnecessary letter to the court withdrawing being a place to see my daughter, KNOWING THIS WAS ALREADY RULED ON AND DENIED, AND KNOWING I WOULD NEVER HAVE MY DAUGHTER

EXPOSED TO A MENTALLY ILL, TOTALLY INSANE PERSON LIKE ISABEL DAWSON.

(*Id.*)

## LEGAL STANDARDS

**I.     Application to Proceed** *in Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an application to proceed *in forma pauperis*, including an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

## II.     Failure to State a Claim

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

Plaintiff's Application to Proceed *In Forma Pauperis* is sufficient under § 1915(a). Plaintiff states that he is disabled and has a Social Security disability appeal pending. (*See* Appl. at 2, ECF No. 1-1.) He reports that he has no income, no assets, and expenses of $164 per month. (*Id.* at 1–4.) Thus, the Court will grant Plaintiff's Application to Proceed *In Forma Pauperis*.

3

However, upon screening the Second Amended Complaint, the Court concludes that it must be dismissed. The Court first notes that it only considers the Second Amended Complaint when screening Plaintiff's claims. See *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2019) (citations omitted) (explaining that an amended complaint "supersedes the earlier pleading and renders the original pleading a nullity"). Plaintiff's statements in the Second Amended Complaint do not satisfy the standards for pleadings in federal district court, even for *pro se* plaintiffs. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in the complaints to support a claim"). Plaintiff does not state the grounds on which he brings his suit. (*See generally*, 2d Am. Compl.) He states that Defendants interfered in his custody case by sending a letter, but provides no further information. (*Id.* at 4.) His allegations appear to insult one of the Defendants, rather than explain why he is entitled to legal relief. (*See id.*)

Accordingly, the Court must dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, will grant Plaintiff leave to amend the Complaint to cure the Complaint's deficiencies within thirty (30) days from the entry of the Court's accompanying Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1-1) is granted, but the Second Amended Complaint (ECF No. 3) is dismissed. An appropriate Order will follow.

Date: February 25, 2021          */s/ Anne E. Thompson*
                                 ANNE E. THOMPSON, U.S.D.J.