UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HONE,

            Plaintiff,

            v.

ISABEL DAWSON, et al.,

            Defendants.

Civil Action No. 21-5 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Richard Hone's ("Plaintiff") Third Amended Complaint ("TAC"). (ECF No. 10.)

## I. BACKGROUND

Plaintiff proceeds *pro se* in this matter. On February 25, 2021, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 but dismissed the Second Amended Complaint without prejudice for failure to state a claim. (ECF No. 5.) On March 16, 2021, the Undersigned was assigned this matter. (ECF No. 8.) On March 23, 2021, Plaintiff filed the TAC. (ECF No. 10.)

The TAC alleges that "[D]efendants knowingly[,] purposely[,] [and] tortiously interfered in retaliation for this lawsuit with [Plaintiff's] custody case, which is incredibly hotly contested by sending a letter to the judge with full knowledge the request she had been denied [seven] months prior, and was moot." *Id.* at *4 (emphasis omitted).[1] Plaintiff further alleges that this letter's

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

purpose was to "interfere with [his six] year old daughter Serenity and [his] relationship with her." *Id.* Along with the TAC, Plaintiff submits a February 9, 2021 letter signed by Defendant Matthew L. Elkins of the law firm of Cozen O'Connor. *Id.* at *5. According to that letter, Cozen O'Connor "are the attorneys for [Defendant] Isabel Celeste Dawson." *Id.* at *5. The letter from Defendant Elkins attached a February 2, 2021 letter from Defendant Isabel Celeste Dawson which had been sent to the Superior Court of New Jersey, Ocean County, Chancery Division, Family Part. *Id.* at *6. Defendant Dawson's letter advised the Family Part that she would "no longer [be] able to serve in the role of third-party supervisor for Mr. Hone's visitations with his daughter." *Id.*

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not decide a matter in the absence of federal subject matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). "This Court has an independent obligation to satisfy itself that it has subject matter jurisdiction." *Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009) (*sua sponte* dismissing a complaint filed pursuant to 28 U.S.C. § 1915 for lack of subject matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")). When considering its jurisdiction, a court may consider pleading allegations along with any documents attached thereto. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000) (discussing the documents a court may consider when reviewing a facial challenge to subject matter jurisdiction in the context of a Federal Rule of Civil Procedure 12(b)(1) motion).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction."

*Id.* (alterations in original). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States. [He] invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citation omitted).

### III. DISCUSSION

Here, Plaintiff's TAC does not provide a basis for federal subject matter jurisdiction. First, the TAC establishes that there is no complete diversity of citizenship between the Plaintiff and Defendants. "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (2013) (citation omitted). The TAC provides an address for Defendant Elkins at Gateway Plaza, Newark, New Jersey and provides a Rahway, New Jersey address for Plaintiff. (TAC *1-2.) "Accordingly, there does not appear to be diversity of citizenship between Plaintiff[] and Defendants." *Roberts v. Sivilli*, No. 17-3127, 2017 WL 2304647, at *2 (D.N.J. May 25, 2017) (screening a complaint pursuant to 28 U.S.C. § 1915 and dismissing it where the complaint listed New Jersey addresses for both plaintiff and defendants).

Second, Plaintiff does not raise any federal question pursuant to 28 U.S.C. § 1331. Plaintiff alleges "interference" in his "custody case" regarding his 6-year-old daughter. (TAC at *4.) "[A]lthough Plaintiff has clothed his complaint in the garb of a civil rights action, the [c]omplaint boils down to a dispute over the custody of his child and the interactions of Plaintiff and Defendants in that custody process." *Foster v. N.J. Div. of Child Prot. & Permanency*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). "Even when a complaint is drafted in tort, contract, or even under the federal constitution, if the complaint involves matters of domestic

3

relations, it is generally not within the federal court's jurisdiction." *Id.* (quotations omitted); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Moreover, according to Plaintiff, his custody case "is incredibly hotly contested." (TAC at *4.) As such, the Court finds that "[e]ven if this Court had federal subject matter jurisdiction over a child custody dispute, which it does not, the *Younger* doctrine of abstention would bar the present action in federal court, since it appears proceedings are still taking place in state court." *Foster*, 2018 WL 6069632, at *3 ("In general terms, the *Younger* abstention doctrine reflects 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982))).

Accordingly, for the reasons set forth above, and for other good cause shown,

IT IS on this 12th day of April 2021 **ORDERED** that:

1. The Third Amended Complaint (ECF No. 10) is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

2. The Clerk of Court shall close this case.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4